United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30636
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN W. PENNYWELL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana,
USDC No. 5:03-CR-50124-1
_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

In United States v. Pennywell, No. 04-30636 (Jan. 7, 2005), this court affirmed Calvin W. Pennywell's conviction for possession with intent to distribute five grams or more of cocaine base, in violation of 18 U.S.C. § 841(a)(1), and possession of firearms in relation to drug trafficking, in violation of 21 U.S.C. § 924(c)(1). Pennywell then filed a petition for writ of certiorari, for the first time challenging his sentence under United States v. Booker, 125 S. Ct. 738 (2005). The Supreme Court

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacated and remanded for further consideration in light of <u>Booker</u>. <u>See</u> <u>Pennywell v. United States</u>, 125 S. Ct. 2278 (2005). We requested and received supplemental letter briefs addressing the impact of <u>Booker</u>.

Because Pennywell raised a <u>Booker</u>-like challenge to his sentence for the first time in his petition for writ of certiorari, he must demonstrate "extraordinary circumstances" for us to consider his <u>Booker</u> challenge. <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005). Because Pennywell concedes that he cannot meet even the Fifth Circuit's plain error standard, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." <u>See</u> <u>id.</u> at 677.

Pennywell identifies no evidence in the record suggesting that the district court "would have reached a significantly different result" under an advisory scheme rather than a mandatory one. <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 43 (2005). He correctly acknowledges that this court has rejected the argument that a <u>Booker</u> error is a structural error or that such error is presumed to be prejudicial. <u>See</u> <u>Mares</u>, 402 F.3d at 520-22; <u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005), <u>cert. denied</u>, 124 S. Ct. 194 (2005). He desires to preserve these arguments for further review.

2

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior decision in this case, we adhere to our prior determination and therefore reinstate our judgment AFFIRMING Pennywell's conviction and sentence.

**AFFIRMED.**